# Exhibit A

to

Notice of Removal

Shamika Locklin

v.

Mandalay Bay, LLC

**Summons and Complaint – Mandalay Bay, LLC**



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22599811**
**Date Processed: 01/22/2021**

| | |
|---|---|
| **Primary Contact:** | Service of Process<br>MGM Resorts International<br>6385 S Rainbow Blvd<br>Ste 500<br>Las Vegas, NV 89118-3201 |
| **Electronic copy provided to:** | Kelly Kichline<br>Yvette Jauregui<br>Tina Goddard<br>Kathleen Tinnerello |
| **Entity:** | Mandalay Bay, LLC<br>Entity ID Number  3214338 |
| **Entity Served:** | Mandalay Bay, LLC |
| **Title of Action:** | Shamika Locklin vs. Mandalay Bay, LLC d/b/a Madalay Bay Resort and Casino |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-20-824536-C |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 01/22/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | James P. Kemp<br>702-258-1183 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUMM

# DISTRICT COURT

## CLARK COUNTY, NEVADA

SHAMIKA LOCKLIN,

    Plaintiff,

vs.

MANDALAY BAY, LLC, a domestic limited liability company, d/b/a MANDALAY BAY RESORT AND CASINO; DOES I-X; and ROE.

    Defendants.

CASE NO: A-20-824536-C

Department 9

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

MANDALAY BAY, LLC, a Domestic Corporation;

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an answer or other responsive pleading to the Complaint.

Submitted by:

/s/ J.P. Kemp

J.P. KEMP, ESQ.
Nevada Bar No. 006375
VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorneys for Plaintiff

CLERK OF COURT

By: /s/ Demond Palmer   11/12/2020
 Deputy Clerk     Date
Demond Palmer

NOTE: When service is by publication, add a brief statement of the object of the action.
 See Rules of Civil Procedure 4(b).

STATE OF _____ )
                                    )ss:                 AFFIDAVIT OF SERVICE
COUNTY OF _____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant _____ at (state address) _____
_____.

2.    Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

       (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____
_____.

     a.   With _____ as _____, an agent lawfully designated by statute to accept service of process;
     b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

        _____ Ordinary mail
        _____ Certified mail, return receipt requested
        _____ Registered mail, return receipt requested

addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)    If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                                                                              Signature of person making service

(b)    If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                                                                              Signature of person making service

Electronically Filed
11/10/2020 7:37 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130
702-258-1183 ph /702-258-6983 fax
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

Attorneys for Plaintiff
*Shamika Locklin*

CASE NO: A-20-824536-C
Department 9

## DISTRICT COURT

## CLARK COUNTY, NEVADA

***

SHAMIKA LOCKLIN,

     Plaintiff,

vs.

MANDALAY BAY, LLC, a domestic limited liability company, d/b/a MANDALAY BAY RESORT AND CASINO; DOES I-X; and ROE.

     Defendant(s).

Case No.:

Dept. No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**Arbitration Exemption: action seeking equitable or extraordinary relief.**

COMES NOW SHAMIKA LOCKLIN, by and through her counsel, James P. Kemp, Esq., and Victoria L. Neal, Esq., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendants as follows:

**JURISDICTION ALLEGATIONS**

1. This is a civil action for damages brought by SHAMIKA LOCKLIN (herein "Plaintiff") against his employers, MANDALAY BAY, LLC, d/b/a MANDALAY BAY RESORT AND CASINO (herein Defendant) and BELLAGIO, LLC for its 1) discrimination in violation of the

1

Americans With Disabilities Act of 1990 (herein "ADAAA") as amended in January 2009, 42 U.S.C.A § 12101 *et seq.*; and, 2) discrimination based on disability in violation of Nevada Revised Statute 613.330 *et seq.*

2. On or about November 13, 2019, Plaintiff filed an unperfected Charge with the Nevada Equal Rights Commission (herein "NERC") for discrimination based on disability.

3. On or about February 11, 2020, Plaintiff signed the formal "Charge of Discrimination" being the Charge Numbers 0211-20-0099L (FEPA) and 34B-2020-00203 (EEOC).

4. On August 13, 2020, Plaintiff was issued a "Notice of Right to Sue." Plaintiff received that notice approximately three business days later.

5. Plaintiff is filing this suit within the requisite 90 days of receipt of that Notice.

6. Plaintiff has fully complied with all prerequisites under the Americans With Disabilities Act of 1990 (herein "ADA") as amended in January 2009, 42 U.S.C.A § 12101 *et seq.*, and Nevada state statutes to pursue these claims in this Court.

7. Plaintiff timely files all claims.

8. The claims are in excess of $15,000.

## PARTIES

9. Plaintiff is a resident of Clark County, Nevada and was at all relevant times mentioned herein an employee at Defendant's place of business in Clark County, Nevada.

10. Defendant is a Nevada Limited Liability Corporation. It has continuous and ongoing business operations in the state of Nevada and Clark County, engages in an industry affecting commerce, and employed more than 500 employees in the two calendar years preceding the events in question.

2

11. Defendant is an employer for purposes of the American with Disabilities Act of 1991 as amended in January 2009.

12. Defendant, as a fictional business entity, can only operate by and through its agents, directors, officers, managers, supervisors, and employees. Therefore, wherever the identifying word Defendant is used in relationship to Defendant, it encompasses actions by and through its agents, directors, officers, managers, supervisors, and employees.

13. Plaintiff is unaware of the true names and capacities whether individuals, corporations, associates, or otherwise of Defendants DOE INDIVIDUALS I through X and ROE BUSINESS ENTITIES I through X, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that the Defendants, and each of them, are in some manner responsible and liable for the acts and damages alleged in this Complaint.

14. Unless otherwise by way of right, Plaintiff will seek leave of this Court to amend this Complaint to allege the true names and capacities of the DOE INDIVIDUAL and ROE CORPORATION Defendants when the true names of the DOE INDIVIDUAL and ROE CORPORATION Defendants are ascertained.

**FACTS COMMON TO ALL CLAIMS**

15. Plaintiff has been employed by Defendant since approximately February 6, 2008 as a Guest Room Attendant. Plaintiff was qualified for her position with or without a reasonable accommodation.

16. On or about November 18, 2018, Plaintiff sustained an industrial injury. Defendant administers its own workers' compensation and was aware of Plaintiff's disabilities. Plaintiff has a record of having a disability.

3

17. On or about September 30, 2019, Plaintiff was determined to have reached maximum medical improvement and was released to work with restricted/modified duties to include avoiding standing and walking for more than two hours per shift, avoid bending more than seven times per hour, and avoid lifting more than ten (10) pounds.

18. Given Plaintiff's permanent restrictions, she has a disability within the meaning of the ADAAA's definition because she was substantially limited in major life activities including standing, walking, and lifting. As such, Plaintiff belongs to a protected class.

19. Plaintiff met with Employee Relations Partner Roxana Sanchez met in August 2019 to discuss her medical restrictions and return to fulltime work. Sanchez provided Plaintiff with ADA paperwork that Defendant required Plaintiff and her physician to fill out. The ADA paperwork was completed and returned to Defendant.

20. In Plaintiff's ADA paperwork she requested a reasonable accommodation of lifting, carrying, and pushing and no constant walking, among others. Plaintiff also requested reassignment as a reasonable accommodation.

21. Plaintiff seeking a reasonable accommodation was protected activity and is the exercise and enjoyment of an expressed right granted under and protected by the ADAAA.

22. On September 18, 2019, Defendant denied Plaintiff's request for a reasonable accommodation stating because she was on light duty for the industrial injury, she did not qualify for an ADAAA accommodation at that time.

23. On or about September 30, 2019, Plaintiff's restrictions were confirmed as permanent. Instead of engaging in an individualized assessment and an interactive process at that time to determine if a reasonable accommodation existed, Defendant unilaterally determined there were no reasonable accommodations and, on or about November 25, 2019, Defendant gave Plaintiff an

"Option to Accept Offer" letter that contained two options: 1) a 30-day leave of absence during which time she was "invited" to compete for other jobs; or, 2) terminate her job, health benefits, and other benefits of employment.

24. Option #1 informed Plaintiff that if she was interested in another position with Defendant, she was invited to apply for positions that appear on its public website.

25. Such an offer that "invites" an employee to apply and compete for a different job is not an offer of a reasonable accommodation under the Americans With Disabilities Act as amended. Defendant violated the ADAAA.

26. Option #2 informed Plaintiff that is she terminated her employment she could accept vocational rehabilitation offered through workers' compensation. Defendant was clearly threatening Plaintiff that if she did not give up her rights under the ADAAA she would not be entitled to her benefits under workers' compensation.

27. Defendant's policy underlying Option #2 constitutes interference with Plaintiff's expressed statutory rights under the ADAAA including the right to a reasonable accommodation by limiting her right to invoke ADAAA protections. Defendant's actions had a clear discriminatory effect.

28. Plaintiff suffered a distinct and palpable injury as a result of Defendants' interference with her rights under the ADAAA. *Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003) (For an ADA interference claim the plaintiff must "demonstrate that she has suffered a 'distinct and palpable injury' as a result of the threat. That injury could consist of either the giving up of her ADA rights, or some other injury which resulted from her refusal to give up her rights, or from the threat itself.").

29. Workers' compensation vocational rehabilitation is not an offer of a reasonable accommodation under the Americans With Disabilities Act as amended. Defendant violated the ADAAA.

30. Plaintiff selected Option #1 on or about November 25, 2019.

31. Plaintiff applied for job after job through the web address provided by Defendant. Defendant did not assist Plaintiff in any meaningful respect other than providing Plaintiff with a printed list of the jobs on the website.

32. On or about December 29, 2019, Plaintiff secured an interview for a position as a cage cashier. The interviewer, Ms. Davis (herein "Davis), was willing to provide Plaintiff the customary training required for the position. Plaintiff disclosed her limitations to which Davis promptly informed Plaintiff that she would not be qualified because she could not stand for an entire shift.

33. On or about December 30, 2019, Plaintiff had a meeting with HR Business Partner Dana Graham (herein "Graham"). During that meeting Plaintiff informed Graham of the two interviews she was able to secure and the outcomes. Plaintiff told Graham about the cashier position, that Davis was willing to provide Plaintiff the customary training, but because Plaintiff could not stand the entire shift, Davis told her she was not qualified.

34. Plaintiff asked if Graham could intercede on her behalf and speak with Davis about a reasonable accommodation such as a chair that would allow her to occasionally sit and which would allow her to do the essential functions of the cashier job. Graham was not sure that she could do that as she had never been asked for an accommodation on behalf of an employee applying for another position. Graham also told Plaintiff she would probably need new ADA paperwork as Defendant had stopped the process in September. Graham indicated she would investigate and get back to Plaintiff. Graham never contacted Plaintiff about her requested accommodation. Defendant failed to

6

engage in good faith in the mandatory interactive process calculated to develop a reasonable accommodation for Plaintiff.

35. Plaintiff also informed Graham of a position for which she applied as a Status Board Operator at Defendant's sister property Bellagio. Graham flatly refused to assist Plaintiff in seeking jobs at Defendant's sister properties. Defendant failed to engage in good faith in the mandatory interactive process calculated to develop a reasonable accommodation for Plaintiff.

36. When Plaintiff asked Graham about customary training for the positions for which she applied, but was denied even an interview, Graham told Plaintiff if she wanted training, she had to select Option #2. Defendant failed to engage in good faith in the mandatory interactive process calculated to develop a reasonable accommodation for Plaintiff.

37. In or about February 2020, Defendant contacted Plaintiff about a "job." The job was for an on-call position working one or maybe two days as a Status Board Operator making over $3.00 less per hour than Plaintiff was previously making. Having no choice, Plaintiff accepted the position. In accepting the position, Plaintiff also lost all her seniority. Defendant's disadvantageous transfer, reassignment and/or demotion of Plaintiff was an adverse employment action because of disability.

38. Defendant's disadvantageous transfer, reassignment and/or demotion of Plaintiff was not a reasonable accommodation.

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION**
**OF THE AMERICANS WITH DISABILITIES ACT**
**(FAILURE TO ACCOMMODATE)**

39. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

7

40. Defendant is liable to Plaintiff for violating her rights under the Americans With Disabilities Act.

41. As more fully detailed above, Plaintiff is a person with a disability pursuant to the Americans with Disabilities Act of 1990, as amended in January 2009, having a disability(ies) which substantially limits one or more major life activity including standing, walking, and lifting.

42. As more fully detailed above, Plaintiff has a record of having a disability.

43. As more fully detailed above, Plaintiff was qualified for her job and was capable of performing the essential functions of her job with or without a reasonable accommodation.

44. As more fully detailed above, Defendant failed to engage in good faith in the mandatory interactive process calculated to develop a reasonable accommodation for Plaintiff.

45. As more fully detailed above, Plaintiff suffered an adverse employment action by Defendant's disadvantageous transfer, assignment and/or demotion of Plaintiff to the on call position.

46. Defendant's acts constituted discrimination against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment in violation of the Americans with Disabilities Act as amended in January 2009.

47. Plaintiff suffered emotional distress, humiliation, and mental anguish.

48. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendants' violation of the federal law.

49. Plaintiff has been required to hire an attorney and expend attorneys' fees and incur costs to pursue and protect her legal rights by this action.

50. Defendant's actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendant to make an example of Defendant and to deter future conduct of this nature.

## SECOND CAUSE OF ACTION: INTERFERENCE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

51. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

52. Defendant is liable to Plaintiff for violating her rights under the ADAAA.

53. As more fully detailed herein, Plaintiff was engaged in statutorily protected activity under the ADAAA by requesting a reasonable accommodation on more than one occasion.

54. As more fully detailed herein, Plaintiff was engaged in the exercise of her rights guaranteed under the ADAAA by requesting a reasonable accommodation on more than one occasion.

55. As more fully detailed herein, Plaintiff was subjected to interference, coercion or threats in relation to the exercise or enjoyment of her statutorily protected rights under the ADAAA.

56. As more fully detailed herein, Plaintiff suffered a distinct and palpable injury including, among other, directly causing her to lose wages because she was placed on an involuntary leave of absence.

57. Plaintiff suffered emotional distress, humiliation, and mental anguish.

58. Plaintiff suffered both economic and general non-economic damages as a direct and proximate result of Defendant's violation of federal law.

9

59. Plaintiff has been required to hire an attorney and expend attorney's fees and incur costs to pursue and protect his legal rights in this action.

60. Defendant's actions were taken with willful, wanton and reckless disregard of Plaintiff's rights under federal law. Plaintiff should be awarded Punitive and Exemplary damages against Defendant to make an example of Defendant to deter future conduct of this nature.

### THIRD CAUSE OF ACTION: DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF NEVADA STATE LAW (NEV. REV. STAT. § 613.330)

61. Plaintiff repeats and realleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein, and incorporates the same by reference.

62. Nev. Rev. Stat. § 613.330 is analyzed under the same framework as Title VII claim. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005); *see also Hansen v. Robinson Nev. Mining Co.*, 668 F. App'x. 257, 257 n.1 (9th Cir. 2016) ("A discrimination claim under Nevada Revised Statute § 613.330 is analyzed under federal antidiscrimination law.").

63. Defendant violated NRS 613.330 by discriminating against Plaintiff as set forth herein.

### DEMAND FOR JUDGMENT FOR RELIEF

**WHEREFORE**, Plaintiff expressly reserves the right to amend her Complaint at or before the time of trial of the action herein to include all items of damages not yet ascertained, and demands all applicable relief including, but not limited to:

A. All applicable relief provided for provided for by the Americans With Disabilities Act of 1990 as amended in January 2009, and Nevada common law including, but not limited, to the following:

    1.    Money damages in excess of $15,000.00;

2. Economic damages including, but not limited to, lost wages and benefits of employment, incidental and consequential damages;

3. General damages including emotional distress and general economic harm;

4. Nominal damages;

5. Punitive and/or Exemplary damages to deter Defendant from future malicious, fraudulent, and oppressive conduct of a similar nature;

6. Pre-judgment and post-judgment interest on the amounts awarded at the prevailing legal rate;

7. Equitable, extraordinary and/or injunctive relief;

8. For an additional amount to account for any increased taxes Plaintiff may be called upon to pay in relation to any award made herein;

9. Reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to federal and state statute, agreement, or court rule;

B. A trial by jury on all issues that may be tried to a jury; and/or

C. For such other and further relief as the Court may deem just and proper.

Dated this 10th day of November 2020.

/s/ Victoria L. Neal
JAMES P. KEMP, ESQ.
Nevada Bar No.: 6375
VICTORIA L. NEAL, ESQ.
Nevada Bar No.: 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, NV 89130

Attorneys for Plaintiff
*Shamika Locklin*